IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNY RAY WARDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:23-cv-00775 |
| | ) | |
| VIRGINIA DEPARTMENT OF SOCIAL | ) | By: Elizabeth K. Dillon |
| SERVICES (Pulaski County), | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is a pro se complaint brought by Johnny Ray Warden, Jr. against the Virginia Department of Social Services in Pulaski County.  (*See* Compl., Dkt. No. 2.)  It comes before the court on plaintiff's motion for leave to proceed in forma pauperis (IFP).  (Dkt. No. 1.)  For the reasons set forth below, the court will grant plaintiff's motion for leave to proceed IFP.  The court will also sua sponte dismiss plaintiff's complaint for failure to state a claim and because he the only named defendant is entitled to Eleventh Amendment immunity.

I.  MOTION TO PROCEED IFP

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'"  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).  A litigant may commence an action in federal court IFP by filing an affidavit in good faith containing a statement of assets and demonstrating that the litigant cannot afford to pay the required fees of the lawsuit.  28 U.S.C. § 1915(a)(1).  An affidavit is sufficient if it states that "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."  *Adkins*, 335 U.S. at 339 (internal

quotations omitted); *see also Vestal v. N. Wake Eye Care*, No. 5:21-CV-70-M, 2021 WL 6327705, at *1 (E.D.N.C. Mar. 25, 2021).  Ability to pay does not require that a plaintiff be "absolutely destitute."  *Adkins*, 335 U.S. at 339.

Although his IFP application does not appear to list all of his monthly expenses, plaintiff has provided the court with some information about his financial circumstances, and that information suggests that he likely is unable to provide for the necessities of his life if required to pay the filing fee for this lawsuit.  Therefore, the court will grant him leave to proceed IFP.

## II.  SUA SPONTE DISMISSAL

The IFP statute also provides that "the court shall dismiss the case at any time if the court determines that— . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The language of § 1915(e)(2)(B)(ii) parallels that of Federal Rule of Civil Procedure 12(b)(6).  *Anderson v. Snap, Inc.*, Case No.: 22-cv-0256-GPC-DEB, 2022 WL 2759089, at *2 (S.D. Cal. July 14, 2022).  Thus, the same standard that governs motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) governs sua sponte dismissal pursuant to § 1915(e)(2)(B)(ii).  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

Plaintiff's complaint must include a "short and plain statement of the claim showing that he is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This does not mean that he needs to provide "detailed factual allegations," but the rule does require him to plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is

facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff states that he is asserting a claim under the Due Process Clause of the Fourteenth Amendment. (Compl. 3.) And in the portion of the complaint where he requests relief, he states he is seeking "relocation expenses" and "loss of home furnishings . . .because of defendants' actions," as well as damages for mental anguish, emotional distress, damaged relationships, and reputation. (*Id.* at 4–5.) He also asks that the court "[f]irmly reiterate to the defendant that this is unacceptable behavior in the United States of America." (*Id.* at 5.) But critically, plaintiff's complaint contains no facts to support his claim or requests for relief.

In the section where the plaintiff is directed to set forth the facts underlying his claim, he has written, "See attached," but no attachment was received with the complaint and none has been filed since. Without any factual allegations as to what defendant did, the court cannot draw the "reasonable" inference that defendant is liable for the misconduct alleged. And while plaintiff's requests for relief appear to reference his having to move from his home and state that defendant's behavior is "unacceptable," these allegations are conclusory and do not state a claim for relief. "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) and quoting *Iqbal*, 556 U.S. at 679).

The court further notes that numerous courts, including this one, have held that a county branch of the Department of Social Services is considered a state entity in Virginia and is entitled to Eleventh Amendment immunity, which precludes any suit for money damages in federal

court.[1]  *Bockes v. Fields*, 999 F.2d 788, 790–91 (4th Cir. 1993) (explaining that a Virginia

county Department of Social Services is entitled to Eleventh Amendment immunity); *Nelson v.

Herrick*, No. 3:11-cv-00014, 2011 WL 5075649, at *10–11 (W.D. Va. Oct. 26, 2011)

(addressing the question at length and concluding that a county Department of Social Services

was an arm of the Commonwealth of Virginia and shielded from suit by sovereign immunity

under the Eleventh Amendment); *Flanagan v. Pittsylvania Cnty., Virginia*, No. 7:19CV00413,

2020 WL 2754754, at *4 (W.D. Va. May 27, 2020) (setting forth in detail the structure of the

Virginia Department of Social Services and county branches of the same and concluding, based

on both *Bockes* and *Wolf v. Fauquier County Board of Supervisors*, 555 F.3d 311, 322 (4th Cir.

2009), that a county Department of Social Services had to be dismissed as a defendant).  *Cf.

Wolf*, 555 F.3d at 322 (explaining the relationship of Virginia's DSS with county DSS agencies,

but declining to address whether the Social Services Board could assert a successful Eleventh

Amendment defense where the complaint named only the County, but not the Social Services

Board).

　　　　For these reasons, the court will dismiss this action without prejudice for failure to state a

claim and because the only named defendant is entitled to Eleventh Amendment immunity.[2]

---

[1]  Warden's complaint does not seek any prospective injunctive relief, so the exception set forth in *Ex parte
Ex parte Young*, 209 U.S. 123, 130–31 (1908), is not applicable here.

[2]  Because Warden provides no underlying facts and it is unclear what the nature of his claims are, it is
unclear whether there might be a claim he could bring in state court for which the state has waived its sovereign
immunity.  The court thus dismisses his complaint without prejudice.

### III.  CONCLUSION

For the reasons set forth in this opinion, the court will grant plaintiff's motion to proceed IFP and dismiss without prejudice plaintiff's complaint.  An appropriate order will be entered.

Entered: December 7, 2023.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge